WALKER BIN COMPANY, Respondent, v. JOHN WILLETT, Appellant.—
Motion granted and appeal dismissed, with costs.

In the Matter of the Judicial Settlement of the Account of ROGER E.
CHAPMAN, as Executor, etc., of GEORGE C. SMITH, Deceased.— Motion
granted and appeal dismissed, with costs.

.FRANK GLOR, Respondent, v. PURE CANE MOLASSES CORPORATION,
Appellant.— Motion granted and appeal dismissed, with costs.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROCHESTER, SYRACUSE
AND EASTERN RAILROAD COMPANY, Respondent, v. DANIEL MORONEY and
Others, as Board of Assessors, etc., Appellants.— Motion granted and
appeal dismissed.

---

## FIRST DEPARTMENT, OCTOBER, 1920.

BEN GERSHEL and SIG KASKIE, Composing the Firm of BEN GERSHEL &
Co., and ABRAHAM E. LEFCOURT, Respondents, v. HICKSON, INC., and
RICHARD J. HICKSON, Appellants.

*Appeal — stay of proceedings — power of justice of Appellate Division out
of court to grant order staying execution of judgment on terms pending·appeal
to Appellate Division.*

Motion to vacate an order staying execution of a judgment pending
appeal to the Appellate Division.

PER CURIAM: This is an application to vacate an order signed by a justice
of this court during vacation, staying upon terms the execution of a judgment
in an action in equity, pending appeal to the Appellate Division. The
claim is made that the order is void because it was an absolute stay 'signed
by a justice of this court out of court. It is admitted and it is perfectly
clear that if the order had been in the nature of an order to show cause
returnable on the first motion day of the October term containing the same
provisions as to a stay and security it would have been perfectly proper.
It is also conceded that a justice of the Supreme Court not assigned to the
Appellate Division would have been justified in making the order appealed
from. It is claimed that such an order could not be made by a justice of
this court out of court but could only be made by the Appellate Division as
a court. The argument presents a mere technicality. The plaintiffs having
been heard fully upon their motion to vacate, we will treat the matter as if the
order had been one in the usual form of an order to show cause with temporary
restraining provisions. We think the order should be modified by inserting
after the provision granting a stay, " and also to pay any amount which
may be found due to the plaintiff upon the accounting directed by the
judgment," and as so modified an order will be made by this court as a court
order. No costs. Present — Clarke, P. J., Laughlin, Dowling, Smith and
Greenbaum, JJ. Order modified as stated in opinion and, as so modified,
made the order of this court.